ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ALFREDO BEAUCHAMP SIERRA<br><br>Recurrido<br><br>v.<br><br>MEDIKO MEDICINA PRIMARIA CORP Y OTROS<br><br>Peticionarios | TA2025CE00706 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV00233<br><br>Sobre: Despido injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

**I.**

La parte querellada y peticionaria, Mediko Medicina Primaria, Corp. y Mediko Red Aliados, Corp., solicita que atendamos un asunto interlocutorio surgido durante la tramitación del pleito del título. Cabe señalar que el caso se inició con la interposición de una *Querella* por despido injustificado y discrimen por razón de edad, instada el 27 de enero de 2025, por la parte querellante y recurrida, Dr. Alfredo Beauchamp Sierra, al amparo del **procedimiento sumario laboral** establecido en la Ley Núm. 2 de 17 de octubre de 1961, *Ley de procedimiento sumario de reclamaciones laborales*, (Ley Núm. 2), 32 LPRA secs. 3118-3132.[1]

Al revisar el expediente, distinto a lo argüido, advertimos que la parte peticionaria solicita la revocación de la *Orden* dictada el 6 de octubre de 2025 y notificada el 7 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[2] En el referido pronunciamiento, el TPI enunció:

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada 31 del SUMAC; véase también la *Minuta* de la vista celebrada el 11 de septiembre de 2025, en la entrada 29 del SUMAC.

TRAS LA PARTE QUERELLADA NO SOMETER SU CONTESTACI[Ó]N A LA QUERELLA[3] Y TAMPOCO INFORMAR SU NUEVO REPRESENTANTE LEGAL, EL TRIBUNAL, NUEVAMENTE,[4] LE ANOTA LA REBELD[Í]A.

TENGA LA PARTE QUERELLANTE 20 D[Í]AS PARA SOMETER MOCI[Ó]N DISPOSITIVA.

NOTIF[Í]QUESE A LA PARTE QUERELLADA.

Inconforme, el 15 de octubre de 2025, la parte peticionaria presentó una *Moción asumiendo representación legal y en reconsideración a orden de anotación de rebeldía*.[5] En respuesta, el TPI declaró con lugar la nueva representación legal y ordenó al doctor Beauchamp Sierra a someter su postura.[6] La parte recurrida cumplió con lo intimado.[7] Además de establecer los reiterados incumplimientos de la parte peticionaria en cuanto al procedimiento de descubrimiento de prueba autorizado, el recurrido apuntó a que el escrito de reconsideración era incompatible con los fines y la naturaleza expedita del caso, por lo que el TPI estaba compelido a rechazarlo de plano.

La parte peticionaria quiso replicar, pero el TPI se lo impidió.[8] Luego, dictó otra *Orden* el 21 de octubre de 2025, en la que, entre otros asuntos, reiteró su negativa de dejar sin efecto la anotación de rebeldía.[9] Entonces, la parte peticionaria incoó una *Segunda moción de reconsideración a orden de anotación de rebeldía* el 27 de octubre de 2025.[10] Además de intentar revertir la anotación de rebeldía, al alegar la supuesta falta de notificación a los peticionarios, arguyó sobre unos presuntos incumplimientos éticos de la anterior representación legal. El TPI rechazó el petitorio, lo que notificó el 28 de octubre de 2025.[11]

---

[3] No surge de los autos la fecha del diligenciamiento de los emplazamientos expedidos el día 28 de enero de 2025 (entradas 5-6), pero consta una *Contestación a Querella* fechada el 10 de febrero de 2025 (entrada 7), de la que no existe certeza si se instó o no oportunamente, de conformidad con la Sección 3 de la Ley Núm. 2, 32 LPRA sec. 3120.

[4] Véase, entradas 11, 14, 20, 21, 24 y 27 del SUMAC, las últimas tres notificadas a las partes querelladas.

[5] Entrada 32 del SUMAC.

[6] Entrada 33 del SUMAC.

[7] Entrada 34 del SUMAC.

[8] Entradas 35-36 del SUMAC.

[9] Entrada 37 del SUMAC.

[10] Entrada 38 del SUMAC.

[11] Entrada 39 del SUMAC.

Así las cosas, el 31 de octubre de 2025, la parte peticionaria presentó este recurso discrecional de *certiorari*. Estableció que el TPI incurrió en los siguientes errores:

A. Erró el Tribunal de Primera Instancia al anotar la rebeldía a la parte querellada y al denegar una solicitud de reconsideración.

B. Erró el Tribunal de Primera Instancia al aceptar la renuncia de la representación legal de la parte Peticionaria sin antes verificar que se cumplieran con los requisitos establecidos en el Canon 20 del Código de Ética.

Además, la parte peticionaria sostuvo que este foro intermedio ostentaba jurisdicción para atender el recurso al palio del Artículo 4.006 de, Ley Núm. 201 de 22 de agosto de 2003, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24y, así como de nuestro ordenamiento reglamentario. Fundamentó también la revisión a base de las pautas jurisprudenciales en *Dávila Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999). En particular, afirmó que la revisión del auto procede para evitar una grave injusticia.

El 12 de noviembre de 2025, el doctor Beauchamp Sierra compareció ante este foro revisor mediante una *Moción de desestimación*. En síntesis, planteó que carecíamos de jurisdicción por la interposición tardía del recurso apelativo discrecional. Le asiste la razón, por lo que anticipamos la desestimación del presente auto de *certiorari*, por falta de jurisdicción.

**II.**

Como se sabe, al limitar el uso y la aplicación de las Reglas de Procedimiento Civil, la Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales, dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos, relativos a salarios, beneficios y derechos laborales. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996). El Tribunal Supremo de Puerto Rico ha reiterado que la característica fundamental de la Ley Núm. 2 es su **naturaleza sumaria**. *Ruiz Camilo v.*

*Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 929 (2008); *Lucero v. San Juan Star*, 159 DPR 494, 505 (2003); *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 493 (1999). A tales efectos, tanto las partes como los tribunales están obligados a respetarla y a velar que no se desvirtúe su carácter especial y sumario. *Ruiz Camilo v. Trafon Group, Inc.*, *supra*.

Con el fin de mantener la naturaleza expedita de dicho procedimiento a nivel apelativo, se aprobó la Ley Núm. 133 de 6 de agosto de 2014, que enmendó significativamente la Ley Núm. 2. Mediante estas reformas se dispuso que, en un caso instado al amparo del procedimiento sumario, el término jurisdiccional para impugnar una sentencia emitida por el Tribunal de Primera Instancia es de diez (10) días, contados a partir de la notificación de dicho dictamen. Por igual, la determinación dictada por este foro intermedio podrá ser revisada por el Tribunal Supremo mediante un auto de *certiorari*, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución.

De otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, el Tribunal Supremo concluyó que si bien **la revisión, vía *certiorari*, de resoluciones interlocutorias** emitidas en procedimientos sumarios tramitados al amparo de la Ley Núm. 2 **es contraria a la naturaleza expedita** del referido procedimiento, **exceptuó** de dicha prohibición tres instancias:

> [...] *aquellos supuestos en que ésta se haya dictado sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo*; esto es, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" (*miscar[r]iage of justice*). *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 498. (Bastardillas en el original).

Además, el Tribunal Supremo ha aclarado que el término para solicitar la revisión de aquellas determinaciones interlocutorias que

cumplen con los criterios taxativos establecidos en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra,* es de **diez (10) días para las revisiones presentadas ante este Tribunal** y de veinte (20) días para aquellas presentadas ante el Tribunal Supremo. *Id.*, pág. 736.

Igualmente, la máxima curia ha resuelto que, en un procedimiento sumario laboral provisto por la Ley Núm. 2, *supra*, "**no está permitido solicitar reconsideración de determinaciones judiciales, ya sean éstas interlocutorias o finales**". (Énfasis nuestro). *León Torres v. Rivera Lebrón*, 204 DPR 20, 32-33 (2020), que cita con aprobación a *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 449-450 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 735-736 (2016). "[E]n atención a los fines que persigue la ley y a la política pública que la inspira, [...] **la moción de reconsideración es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2** [...]". (Énfasis nuestro). *Patiño Chirino v. Parador Villa Antonio, supra*, pág. 450. El Tribunal Supremo ha opinado que lo contrario resultaría en la anomalía de proveerle a las partes un término de quince (15) días para solicitar reconsideración,[12] un plazo mayor al provisto por la Ley Núm. 2, *supra*, para nuestra revisión de las sentencias finales. *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 736.

En suma, debido a su naturaleza y finalidad, las reclamaciones bajo la Ley Núm. 2, *supra*, ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado. *Ruiz Camilo v. Trafon Group, Inc., supra*, pág. 265. Por ello, se ha destacado la importancia de asegurar que los trámites judiciales encaminados bajo el procedimiento sumario que provee el estatuto laboral no pierdan su esencia expedita. A tales fines, corresponde a los tribunales asegurar la estricta observancia del proceso sumario. *León Torres v. Rivera Lebrón, supra*, pág. 33.

---

[12] Véase, Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

### III.

En la presente causa, luego de evaluar puntillosamente el tracto procesal y el derecho aplicable, resulta evidente que adolecemos de jurisdicción para atender en los méritos las cuestiones planteadas. Según reseñamos, el pleito de marras se instó bajo el procedimiento sumario laboral de la Ley Núm. 2, *supra.* No surge de los autos ninguna conversión al procedimiento ordinario. Por el contrario, el doctor Beauchamp Sierra ha invocado el carácter sumario del litigio, mediante sus reiteradas oposiciones, incluyendo la petición desestimatoria que atendemos.

En este caso, la segunda anotación de rebeldía contra la parte peticionaria se notificó el **7 de octubre de 2025**. Al igual que previos pronunciamientos, el dictamen fue notificado a la parte querellada y peticionaria, no sólo a su representación legal. Por consiguiente, el recurso de *certiorari* debió instarse el 17 de octubre de 2025 ante este tribunal revisor. De haberlo presentado oportunamente, su expedición o denegación estaría atada al cumplimiento de las instancias excepcionales pautadas por nuestro Tribunal Supremo en *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra.*

No obstante, la parte peticionaria, contrario a los postulados doctrinales de naturaleza expedita del estatuto reparador, instó dos solicitudes de reconsideración, incluso trató infructuosamente de replicar. A pesar de los planteamientos certeros de la parte recurrida, el TPI le dio curso al menos a uno de los petitorios. Así, pues, no fue hasta el **31 de octubre de 2025** que la parte peticionaria acudió ante nos. Empero, la dilación que conllevó el trámite interlocutorio improcedente tal cual promovido por los comparecientes no nos confiere jurisdicción, toda vez que el recurso fue presentado de manera tardía.

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción

son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. El asunto jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882-883 (2007). Al respecto, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* págs. 115-116, autoriza a esta curia a desestimar un recurso apelativo, bajo el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

## IV.

En virtud de los hechos y el derecho antes consignados, desestimamos el recurso de *certiorari* instado por carecer de jurisdicción, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones