Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ A. SÁNCHEZ<br><br>Peticionario<br><br>v.<br><br>ONE CORPS, INC.<br>Y OTROS<br><br>Recurridos | KLCE202300094 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Caso núm.: AR2022CV02259 (403)<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

En un procedimiento sumario en el ámbito laboral, instado por quien era empleado de una compañía de seguridad, el Tribunal de Primera Instancia ("TPI") le concedió a la fiadora del patrono una prórroga para contestar la querella. Como explicaremos a continuación, se deniega la expedición del auto solicitado.

I.

La acción de referencia, por despido injustificado y otras (la "Querella"), se presentó en diciembre de 2022 por el Sr. José A. Sánchez Nazario (el "Empleado") contra One Corps, Inc. (el "Patrono") y Mapfre Insurance Company (la "Fiadora"), bajo el procedimiento sumario dispuesto por la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, 32 LPRA Sec. 3118 *et seq.* ("Ley 2").

En lo pertinente, el Empleado alegó que el Patrono era una "agencia de seguridad" que debía "prestar una fianza en aseguramiento de salarios de empleados". Además, alegó que, durante el "período que comprende [la] reclamación", el Patrono

"había prestado fianza de pago ... a través de" la Fiadora, por lo que dicha parte debía responder junto con el Patrono por la reclamación objeto de la Querella.

Según expone el Empleado, el Patrono fue emplazado el 23 de diciembre y este presentó su contestación a la Querella el 31 de diciembre.

En cuanto a la Fiadora, esta fue emplazada el 27 de diciembre y, en el último día que tenía dicha parte para contestar la Querella (9 de enero), la Fiadora presentó una moción de prórroga para contestar la Querella (la "Moción").

Mediante una Resolución de 18 de enero, el TPI le concedió un día (hasta el 19 de enero) a la Fiadora para contestar la Querella. Según ordenado por el TPI, el 19 de enero, la Fiadora contestó la Querella.

El 30 de enero (lunes), el Empleado presentó el recurso que nos ocupa. Plantea que el TPI no tenía autoridad para conceder la Moción, pues la misma no se suscribió bajo juramento, según exige la Ley 2, *supra*. Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ...

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

III.

Concluimos que no procede nuestra intervención en la acción de referencia. Como cuestión de umbral, no está claro que tengamos autoridad para expedir el auto solicitado a la luz de lo dispuesto en la Regla 52.1, *supra.* De todas formas, aun partiendo de la premisa de que sí podríamos intervenir, hemos determinado, en el ejercicio de nuestra discreción, declinar la invitación a revisar lo actuado por el TPI en este caso.

En el contexto de un proceso sumario bajo la Ley 2, *supra*, la regla general, con limitadísimas excepciones, es la <u>no</u> revisión de dictámenes interlocutorios por este Tribunal. Véase, por ejemplo, *Medina Nazario v. McNeil Healthcare*, 194 DPR 723, 733 (2016) ("la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral", por lo cual no se admite salvo en "casos extremos"); *Dávila, Rivera v. Antilles Shipping*, 147 DPR 483, 494-98 (1999).

En efecto, "la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento" y, así, este Tribunal debe "abstenerse de revisar dichas resoluciones". *Dávila*, 147 DPR a las págs. 496 & 497. Esta norma general solamente admite excepción cuando el TPI ha actuado sin jurisdicción o "en **casos extremos** en que la revisión inmediata, en esa etapa, disponga del caso ... en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una '**grave injusticia**'". *Dávila*, 147 DPR a la pág. 498 (énfasis suplido).

En este caso, considerados los factores de la Regla 40, *supra*, particularmente a la luz de la norma general de no revisión de dictámenes interlocutorios en casos que se conducen sumariamente

bajo la Ley 2, *supra,* hemos concluido que debemos denegar el auto solicitado.

No surge del récord que lo actuado por el TPI genere un "fracaso de la justicia", de tal modo que estemos ante una situación extrema, o una grave injusticia, que amerite nuestra intervención. Véase Regla 40(A) y 40(G) de nuestro Reglamento, *supra*; *Dávila, supra*; *Medina Nazario, supra.* Tampoco podemos concluir, a la luz de las circunstancias particulares de este caso, que el TPI hubiese actuado sin jurisdicción al extender el término que tenía la Fiadora para contestar la Querella, o que dicha actuación fuese irrazonable o arbitraria (tal que se configure un caso extremo o una grave injusticia).

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones