ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| EDWIN CRUZ QUIÑONES<br><br>Parte Apelada<br><br><br>v.<br><br><br><br>PONDEROSA STEAK & SALAD / **BMJ FOODS PR INC.**, ASEGURADORA ABC Y XYZ<br><br>Parte Apelante | KLCE202400203 | *Certiorari acogido como Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2022CV04401<br><br><br>Sobre:<br>Despido Injustificado (Ley 80); Procedimiento Sumario; Reclamaciones Laborales (Ley 2 del 17 de octubre de 1961) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Compareció ante este Tribunal la parte apelante, BMJ Foods PR, Inc. (en adelante, "BMJ" o "Apelante"), mediante un mal denominado recurso de *certiorari* presentado el 16 de febrero de 2024. Nos solicitó la revocación de la *Sentencia en Rebeldía* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, el "TPI"), el 5 de febrero de 2024, notificada y archivada en autos el día siguiente. A través del aludido dictamen, el TPI declaró "Ha Lugar" la "**Querella**" presentada por la parte apelada, Edwin Cruz Quiñones (en adelante, "Cruz" o "Apelado"), tras conceder una solicitud de sentencia sumaria presentada por este último, y condenó a BMJ al pago de $119,687.52 en concepto de mesada y el 25% de honorarios de abogado.

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia en Rebeldía*.

**I.**

El caso de autos se originó el 29 de agosto de 2022, cuando el Apelado presentó una "**Querella**" en contra de BMJ por despido injustificado, al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la "Ley Sobre Despidos Injustificados", 29 LPRA secs. 185a *et seq.* Es menester destacar que Cruz se acogió al trámite de reclamaciones laborales dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", 32 LPRA secs. 3118 *et seq.*

Mediante la aludida "**Querella**", el Apelado sostuvo que desde el 11 de marzo de 1986 inició un contrato de empleo regular y por término indefinido con BMJ y que laboró ininterrumpidamente por espacio de 35 años, cuando fue despedido el 1 de septiembre de 2021. Alegó que las causas en las que el Apelante fundamentó la terminación del empleo se debieron a motivos económicos, dado a la situación causada por la pandemia del COVID-19. Asimismo, planteó que al momento del despido ostentaba la clasificación de empleo de gerente de área junto a los siguientes empleados: (1) Miguel Navarro, (2) Margarita Rosa y (3) José Quiñones.

Cruz adujo que ostentaba mayor antigüedad que el resto de los empleados de su misma clasificación de empleo. Específicamente, expresó que tenía (5) años de mayor antigüedad que la gerente de área, Margarita Rosa; mientras que, con respecto a los gerentes de área, Miguel Navarro y José Quiñones, su antigüedad era de (6) y (8) años mayor, respectivamente. Así pues, fundamentó su reclamación en que BMJ no observó la norma de antigüedad dispuesta en la Ley Núm. 80, *supra*, por lo que su despido fue injustificado, arbitrario y caprichoso.

Habiéndose diligenciado el emplazamiento, el 13 de septiembre de 2022, BMJ presentó una solicitud de prórroga para presentar alegación responsiva. Ese mismo día, Cruz presentó "**Solicitud de Anotación de Rebeldía y Oposición a la Solicitud de Prórroga**". Al día siguiente, el foro

apelado emitió *Orden* mediante la cual denegó la solicitud de prórroga interpuesta por el Apelante, dado a que el caso se estaba ventilando bajo el procedimiento sumario laboral preceptuado en la Ley Núm. 2, *supra*, y dicha moción no cumplía con las disposiciones del referido estatuto para concederse la extensión del tiempo para presentar alegación responsiva.

De igual manera, el mismo 14 de septiembre de 2022, el TPI emitió una segunda *Orden* mediante la cual le anotó la rebeldía a BMJ, por haberse expirado el plazo para contestar la "**Querella**". A pesar de dicha determinación, ese mismo día, el Apelante presentó "**Contestación a Querella**" y "**Moción de Reconsideración y Solicitando se Levante la Rebeldía**". Expresó que reconocía las obligaciones impuestas por la Ley Núm. 2, *supra*, no obstante, la tardanza en presentar la "**Contestación a la Querella**" estuvo fuera de su control y que la misma no causaría perjuicio ni se afectarían al Apelado, ya que la "**Querella**" no justificaba la concesión de un remedio a favor de este último. Además, añadió que la adjudicación del caso sin entrar en los méritos del mismo resultaría en un fracaso a la justicia.

El 11 de octubre de 2022, Cruz presentó su oposición. Allí sostuvo que las alegaciones contenidas en la "**Querella**" cumplían con establecer una relación sucinta y sencilla de hechos demostrativos conducentes a la concesión de un remedio a favor del Apelado. Adicionalmente, esgrimió que las razones ofrecidas por BMJ para su tardanza en presentar alegación responsiva dentro del término dispuesto en la Ley Núm. 2, *supra*, no eran suficientes en derecho. El 14 de octubre de 2022, el Apelante presentó "**Réplica a Moción en Oposición a la Solicitud de Reconsideración de BMJ Foods PR y Oposición a que la eliminación de las alegaciones y defensas afirmativas de la Querellada del expediente judicial del caso**".

El 20 de octubre de 2022, el foro *a quo* remitió *Resolución* mediante la cual mantuvo la anotación de la rebeldía en contra BMJ. Fundamentó su determinación en que el Apelante tenía hasta el 12 de septiembre de 2022 para presentar alegación responsiva y **no fue hasta el 13 de septiembre de 2022 que presentó su solicitud de prórroga para alegar, sin haber sido juramentada ni exponer los motivos para solicitar dicha prórroga,**

**según lo requieren las Secciones 3 y 4 de la Ley Núm. 2,** *supra*. 31 LPRA secs. 3120 y 3121, respectivamente. Asimismo, le concedió al Apelado un término de treinta (30) días para presentar el *Informe de Conferencia con Antelación al Juicio*.

Tras varios trámites procesales, el TPI permitió un breve descubrimiento de prueba y se presentó el *Informe de Conferencia con Antelación al Juicio*, según había sido ordenado por dicho foro previamente. El 24 de mayo de 2023, Cruz presentó "**Moción Informativa y Solicitud de Breve Término para presentar Solicitud de Sentencia Sumaria**". Mediante la aludida comparecencia, informó haber recibido las contestaciones de BMJ a cierto pliego de interrogatorio y requerimiento de producción de documentos y solicitó un plazo para presentar una moción de sentencia sumaria.

Luego de que el foro primario le concediera al Apelado un término para presentar moción dispositiva, el 20 de junio de 2023, Cruz presentó "**Moción de Sentencia Sumaria**". Planteó que, a tenor con los hechos incontrovertidos desglosados en la referida moción y del derecho aplicable, procedía que se concediera su solicitud y se dictara sentencia a su favor, condenando a BMJ al pago de $119,687.52, en concepto de mesada más honorarios de abogados a un 25%. El 4 de agosto de 2023, BMJ presentó "**Oposición a Solicitud de Sentencia Sumaria presentada por la Querellante y en Solicitud de Moción de Sentencia Sumaria a favor de la Parte Querellada**". Arguyó que la "**Querella**" contenía alegaciones insuficientes y que la "**Moción de Sentencia Sumaria**" no cumplía con suplir las referidas deficiencias. Por el contrario, expresó que la misma apoyaba una desestimación del caso de autos y una sentencia a favor del Apelante. De igual manera, arguyó que la reclamación estaba prescrita. En vista de lo anterior, sostuvo que la moción dispositiva era insuficiente en derecho y que no procedía dictar sentencia sumariamente.

El 5 de mayo de 2024, el TPI emitió *Sentencia en Rebeldía* en la que expuso que no existía controversia en cuanto a que BMJ no retuvo con preferencia en el empleo al Apelado, siendo éste el empleado de mayor

antigüedad en el departamento y clasificación de empleo afectada por razones económicas. Asimismo, concluyó que dicho departamento y clasificación de empleo afectada por razones económicas no fue cerrado o eliminado y el Apelante mantuvo a los otros empleados de menor antigüedad, Miguel A. Navarro y Margarita Rosa Florán, ocupando la misma clasificación de empleo que Cruz ostentaba al momento de la terminación y continuaron trabajando en el mismo departamento afectado. Así pues, entendió que el despido fue injustificado y enfatizó en que BMJ no presentó alegación responsiva o una solicitud de prórroga juramentada dentro del plazo que provee para ello la Ley Núm. 2, *supra*. Por tanto, declaró "Ha Lugar" la "**Querella**" y condenó al Apelante al pago de $119,687.52, en concepto de mesada, y al 25% en honorarios de abogado.

Inconforme con dicha determinación, el 16 de febrero de 2024, BMJ presentó el mal denominado auto de *certiorari*, que acogimos como un recurso de apelación mediante *Resolución* de 21 de febrero de 2024. Mediante el mismo, le imputó al foro de instancia la comisión de los siguientes errores:

> **PRIMER ERROR**- ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONSIDERAR EL TR[Á]MITE DEL PRESENTE CASO COMO UNO ORDINARIO, PERMITIENDO DESCUBRIMIENTO DE PRUEBA TARD[Í]O, Y CONSIGUIENTE ENMIENDA A LAS ALEGACIONES POR ENTENDERSE QUE LA PARTE QUERELLANTE NO POD[Í]A PROBAR SU CAUSA DE ACCI[Ó]N POR SUS MERAS ALEGACIONES, Y LUEGO DISPONER DEL CASO DE UNA MANERA SUMARIA, EN CONTRAVENCI[Ó]N AL TR[Á]MITE PROCESAL DEL CASO.

> **SEGUNDO ERROR**- ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR SE ENMENDARÁN [SIC] LAS ALEGACIONES DE LA QUERELLA SIN UTILIZAR EL PROCEDIMIENTO CORRECTO QUE EXIGE NUESTRAS REGLAS DE PROCDIMIENTO [SIC] CIVIL (REGLA 13), SIN SOLICITAR AUTORIZACI[Ó]N JUDICIAL Y SIN PRESENTAR LA CORRESPONDIENTE ENMIENDA A LA QUERELLA.

> **TERCER ERROR** - ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ACOGER UNA MOCI[Ó]N DE SENTENCIA SUMARIA HABIENDO CONTROVERSIA DE HECHOS Y BASAR SU DETERMINACI[Ó]N EN LA SENTENCIA EN REBELDÍA EN HECHOS CONTROVERTIBLES QUE NO FUERON AVALADOS POR LA PRUEBA PRESNTADA [SIC] POR LA PARTE QUERELLANTE/APELADA.

> **CUARTO ERROR** - ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA SENTENCIA EN REBELD[Í]A

EN UNA RECLAMACIÓN QUE BAJO LA LEY APLICABLE ESTABA PRESCRITA.

El 25 de marzo de 2024, el Apelado presentó "**Alegato en Oposición de la Parte Recurrida**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

La Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativos a salarios, beneficios y derechos laborales. Rivera v. Insular Wire Products Corp., 140 DPR 912, 922 (1996). La naturaleza sumaria de este proceso responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483, 492 (1999).

De conformidad con dicho principio, los tribunales venimos compelidos a respetar lo siguiente: (1) los términos relativamente cortos dispuestos en el estatuto para contestar la querella; (2) los criterios estrictos para conceder una prórroga para contestar la querella; (3) el mecanismo especial que flexibiliza el emplazamiento del patrono, y (4) entre otras particularidades provistas por la ley, las limitaciones en el uso de los mecanismos de descubrimiento de prueba. Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 929 (2008).

En virtud de su carácter sumario, la Ley Núm. 2, *supra*, dispone que el patrono está obligado a presentar una contestación a la querella dentro de unos términos más cortos que los provistos en pleitos ordinarios. Así pues, la Sección 3 del estatuto establece que el patrono deberá presentar su contestación por escrito dentro de los diez (10) días siguientes a ser emplazado, si se hiciere dentro del distrito judicial donde se promueve la acción y en quince (15) días en los demás casos. 32 LPRA sec. 3120.

De conformidad con lo anterior, la aludida Sección de la Ley Núm. 2, *supra*, provee para que en los casos en que el patrono no presente su contestación en el plazo correspondiente. A esos fines, se regula la forma

en que el tribunal de instancia debe proceder, por lo que se delimita su autoridad. Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 929. En particular, la Sección 3 del estatuto, dispone, en su parte pertinente, lo siguiente:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, **y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. <u>En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga</u>**. 32 LPRA sec. 3120 (énfasis suplido).

Conforme lo ha resuelto el Tribunal Supremo, de las transcritas disposiciones estatutarias se desprende "el deber inequívoco del tribunal de darle un cumplimiento cabal al procedimiento dispuesto en la Ley Núm. 2, *supra*, **ya que carece de jurisdicción para extender el término para contestar una querella, a menos que se observen los criterios o las normas procesales para la concesión de una prórroga**". Vizcarrondo Morales v. MVM, Inc., *supra*, pág. 930 (énfasis suplido). Así pues, para que proceda una prórroga dentro de un procedimiento sumario laboral, se requiere que el patrono querellado cumpla con los siguientes criterios adicionales en la formulación de dicha solicitud, a saber: (1) que se juramente la moción; (2) que se especifiquen los motivos que justifican su concesión, y (3) que la moción se notifique a la parte querellante. 32 LPRA sec. 3120.

En ningún otro caso, por mandato legislativo, tendrá jurisdicción el tribunal para conceder esa prórroga. De hecho, aun si se cumple con los criterios expuestos, el tribunal no está obligado a conceder la prórroga, ya que esta determinación "dependerá de si la parte querellada demostró mediante la propia moción la existencia de una causa justificada para la

dilación". <u>Vizcarrondo Morales v. MVM, Inc.</u>, *supra*, págs. 930-931 (citas omitidas).

Alusivo a la aludida norma estatutaria, la Sección 4 de la Ley Núm. 2, *supra*, expone taxativamente que el incumplimiento con el término dispuesto para presentar la contestación a la querella o, en la alternativa, con los criterios para peticionar una prórroga, **conlleva que el juez dicte sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado**. <u>Santiago Ortiz v. Real Legacy *et al*.</u>, 206 DPR 194, 207 (2021). Además, la sentencia que esos efectos se dicte será final y de la misma no podrá apelarse. 32 LPRA sec. 3121. "[L]a consecuencia de que el querellado no conteste en el término prescrito sin acogerse a la prórroga, o cuando no surjan del expediente las causas que justifiquen la dilación, es la anotación de la rebeldía y la concesión del remedio solicitado sin más citarle ni oírle". <u>Vizcarrondo Morales v. MVM, Inc.</u>, *supra*, pág. 935.

No obstante, el hecho de que se haya anotado la rebeldía no es garantía de que se tenga que dictar sentencia a favor del querellante. "Como es sabido, al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante o querellante." <u>Íd</u>., pág. 937. Por tanto, luego de anotar la rebeldía, el Tribunal de Primera Instancia podrá celebrar las vistas evidenciarias que sean necesarias para que el querellante sustente las alegaciones consignadas en la querella, aplicándose los mecanismos provistos en las Reglas de Procedimiento Civil para casos que se ventilan en rebeldía. <u>Santiago Ortiz v. Real Legacy *et al*.</u>, *supra*, pág. 208.

**III.**

De entrada, procede que adjudiquemos un asunto de umbral relacionado a los trámites posteriores acaecidos ante el foro apelado, luego de que se le anotara la rebeldía a BMJ. Ello, puesto que dicho asunto es uno que recae sobre la autoridad en ley del TPI en el manejo del caso consistente con el estado de derecho vigente en nuestra jurisdicción y, a

su vez, afecta el desenlace de las controversias que venimos compelidos a dirimir.

Como primer señalamiento de error, BMJ sostiene –entre otras cosas– que el TPI incidió al señalar una Conferencia con Antelación al Juicio, a permitirle al Apelado iniciar un descubrimiento de prueba y, posteriormente, presentar la "**Moción de Sentencia Sumaria**", a pesar de que le había anotado la rebeldía al Apelante, por este último no haber presentado su contestación a la "**Querella**" dentro del término provisto en la Ley Núm. 2, *supra*, ni haber solicitado la prórroga en cumplimiento con los criterios desglosados en dicho estatuto. Específicamente, sostiene el Apelante que el trámite procesal del caso ante el foro apelado demuestra, sin lugar a dudas, que el mismo ha sido uno completamente atípico para un caso en rebeldía ventilado bajo el procedimiento sumario laboral regulado por la Ley Núm. 2, *supra*. Le asiste la razón.

Primeramente, partimos nuestro análisis estableciendo que BMJ en ningún momento cuestionó en su recurso la anotación de rebeldía que el TPI le impuso mediante la *Resolución* de 20 de octubre de 2022. Esa es la ley del presente caso.

Ahora bien, y según hemos establecido en el acápite anterior, una vez el foro *a quo* le anotó la rebeldía al Apelante para lo único que tenía autoridad en ley era para lo siguiente: (1) dictar sentencia, a solicitud de Cruz, en contra de BMJ sin más oírle ni escucharle, o (2) para celebrar las vistas evidenciarias que sean necesarias para que el querellante sustente las alegaciones consignadas en la "**Querella**", aplicándose los mecanismos provistos en las Reglas de Procedimiento Civil para casos que se ventilan en rebeldía. *Véanse*, Sección 4 de la Ley Núm. 2, *supra*, 32 LPRA sec. 3121; Santiago Ortiz v. Real Legacy *et al.*, *supra*, pág. 208.

A eso es a lo que se limita la jurisdicción del TPI cuando se le ha anotado la rebeldía a la parte querellada en un pleito ventilado bajo el procedimiento sumario estatuido en la Ley Núm. 2, *supra*. Ello es cónsono con el espíritu del estatuto dirigido a la rápida consideración y adjudicación de las reclamaciones de empleados contra sus patronos relativos a

salarios, beneficios y derechos laborales. <u>Rivera v. Insular Wire Products Corp.</u>, *supra*, pág. 922. Así, se persigue abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero.

Por tanto, una vez se trabó la controversia sobre la procedencia de la anotación de la rebeldía en el caso en contra del Apelante y de que el foro *a quo* se reiterara en la misma por vía de la *Resolución* de 20 de octubre de 2022, lo único procedente en derecho era celebrar las vistas en rebeldía que entendiera necesarias para que Cruz sustentara sus alegaciones, según lo consignó en la *Orden* dictada el 9 de marzo de 2023. Hasta ahí se extendía su jurisdicción. Es, pues, evidente que la concesión del plazo para que el Apelado efectuara un descubrimiento de prueba, el señalamiento de una Conferencia con Antelación al Juicio y el término concedido para que Cruz presentara la "**Moción de Sentencia Sumaria**", así como todos los trámites relacionados a dichos eventos procesales fueron inconsistentes con lo dispuesto en la Ley Núm. 2, *supra*, y su jurisprudencia interpretativa.

Reiteramos, posterior a la *Resolución* dictada el 20 de octubre de 2022, lo correcto en derecho era señalar, sin dilación alguna, las vistas en rebeldía que fueran necesarias para permitirle al Apelado sustentar las alegaciones consignadas en la "**Querella**". Para ello era lo único que tenía jurisdicción el TPI. Por tanto, procede la revocación del dictamen apelado y la devolución del caso ante el foro de instancia para que proceda, de conformidad con lo dispuesto en la presente *Sentencia*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *revoca* la *Sentencia en Rebeldía* apelada y devolvemos el caso al TPI para que, sin dilación alguna, señale las vistas en rebeldía que estime pertinentes, de manera que el Apelado esté en posición de sustentar las alegaciones consignadas en la "**Querella**", aplicándose a las mismas los mecanismos provistos en las Reglas de Procedimiento Civil para los casos que se ventilan en rebeldía y según lo dispone la Ley Núm. 2, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones