[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11646

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00341-CV-CAR-5

HILDA SOLIS, Secretary of
Labor, U.S. Department of Labor,

                                                            Plaintiff-Appellee,

versus

BLUE BIRD CORPORATION,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 8, 2010)

Before BARKETT, MARTIN and HILL, Circuit Judges.

PER CURIAM:

    Blue Bird Corporation ("Blue Bird") appeals from a final judgment entered

following a non-jury trial in which the district court determined that Blue Bird

unlawfully fired its employee Ricky Dye in retaliation for raising safety concerns about a job assignment in violation of section 11(c)(1) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(1) ("OSH Act").[1] That Act seeks to insure "safe and healthful working conditions" for employees "by encouraging employers and employees in their efforts to reduce the number of occupational safety and health hazards at their places of employment." 29 U.S.C. § 651(b). To that end, § 11(c)(1) of the OSH Act provides that

> <u>No person shall discharge or in any manner discriminate against any</u>
> <u>employee because such employee has filed any complaint</u> . . . or
> because of the exercise by such employee on behalf of himself or
> others of any right afforded by this chapter.

29 U.S.C. § 660(c)(1) (emphasis added).

The district court, based on its factual findings, concluded that the Secretary of Labor had established its prima facie case of retaliatory discharge and that Blue Bird's proffered reasons for the discharge were merely pretextual.[2] We review a district court's factual findings following a non-jury trial, including a finding of intentional discrimination, for clear error. <u>Anderson v. City of Bessemer City</u>, 470

---

[1] This action was initiated and litigated by the Secretary of Labor on behalf of Ricky Dye in accordance with the provisions of 29 U.S.C. § 660(c)(2).

[2] Although we were unable to find any published case in which this Circuit has analyzed a claim of retaliatory discharge under § 660(c)(1), we agree that it was proper for the district court to apply the burden-shifting framework laid out in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). That test has been applied in countless cases involving claims of retaliatory discharge in various employment contexts, and we see no reason not to do so here.

U.S. 564, 573 (1985). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though [we are] convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." Id. at 573-74. This is true even "[w]here there are two permissible views of the evidence." Id. at 574.

The district court's factual findings are supported in the record, and we cannot say that it clearly erred.

AFFIRMED.