Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JULEISA PERALTA ARES<br><br>Querellante Recurrida<br><br><br>v.<br><br><br>PUERTO RICO INDUSTRIAL COMMERCIAL HOLDING H/N/C PRICH BIOTECH<br><br>Querellada Peticionaria | KLCE202401063 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2024CV01252 (Salón 208)<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y Otros |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece Puerto Rico Industrial Commercial Holdings Biotech Corp. (PRICH o peticionaria) vía *certiorari* y solicita que revoquemos la *Orden* del Tribunal de Primera Instancia, Sala Superior de Humacao, emitida el 20 de septiembre de 2024. En dicho dictamen, se declaró sin lugar la moción de desestimación de la peticionaria. Durante el proceso apelativo consideramos, además, mociones de desestimación y oposición a desestimación de las partes. Por los fundamentos que expondremos, denegamos expedir el recurso por falta de jurisdicción.

En síntesis, y a lo pertinente, el caso de epígrafe trata de una querella presentada contra PRICH por despido injustificado. Según el expediente, la señora Juleisa Peralta Ares (señora Peralta Ares o

Número Identificador

RES2024 _____

recurrida) alegó que su patrona, PRICH, la obligó a trabajar bajo condiciones inseguras sin el equipo necesario para su protección. Además, la recurrida explicó que PRICH no le pagaba todas las horas y que no le aparecían correctamente sus balances de vacaciones. Luego de quejarse de lo referido ante el presidente de PRICH, este último alegadamente le insultó, gritó y amenazó, a lo cual supuestamente ningún oficial de la corporación tomó acción correctiva contra dicho presidente. Posterior a la señora Peralta Ares recurrir ante oficial de Recursos Humanos de la corporación, PRICH despidió a la recurrida.

Por todo lo anterior, la señora Peralta Ares presentó una querella al amparo de la Ley Núm. 2 de 2 de octubre de 1961 (32 LPRA sec. 3118 *et seq.*) contra PRICH, argumentando que la peticionaria violó la Ley Núm. 115-1991 (29 LPRA sec. 194 *et seq.*) y la Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185a *et seq.*). En tal querella, la señora Peralta Ares explicó que (1) por motivo de las actuaciones discriminatorias y en represalia en contra de la recurrida, esta sufrió considerables daños económicos, salarios dejados de devengar y aquellos por devengarse; y (2) por motivo de las actuaciones en contra de la recurrida, esta solicita compensación por sus sufrimientos y angustias mentales. Por tanto, la recurrida solicita (1) el pago de su mesada al amparo de la Ley Núm. 80; (2) reinstalación en su puesto; (3) la imposición de la doble penalidad; y (4) el pago de todos los gastos, costas y honorarios de abogado.

En su respuesta a la querella y en una posterior *Solicitud de desestimación por falta de jurisdicción primaria exclusiva*, PRICH indicó a que el foro primario carece de jurisdicción para atender la reclamación por estar el campo ocupado por la *Occupational Safety and*

*Health Act* (OSHA), 29 USC sec. 651 *et seq.* y la *Ley de Seguridad y Salud en el Trabajo*, Ley Núm. 16 de 5 de agosto de 1975 (29 LPRA sec. 361 nota *et seq.*), es decir, que la Ley Núm. 16 faculta únicamente al Secretario del Trabajo y Recursos Humanos a presentar una reclamación judicial. En oposición, la señora Peralta Ares argumentó que las referidas leyes no aplican al caso de marras, ya que ella nunca radicó una querella al amparo de OSHA. Evaluadas estas y otras mociones, el foro primario declaró sin lugar la *Solicitud de desestimación por falta de jurisdicción primaria exclusiva* ya que, a tenor con la Regla 10.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) y su jurisprudencia interpretativa, las alegaciones de la querella son suficientes, por lo cual no se le puede privar a la recurrida de su día en corte ni de realizar el descubrimiento de prueba correspondiente.

Insatisfecho, la peticionaria recurre ante este Tribunal y alega que el foro primario erró al no desestimar la querella en su totalidad, ya que (1) esta carece de jurisdicción primaria exclusiva; (2) la señora Peralta Ares no presentó su reclamación en el término de treinta (30) días, según dispone OSHA; y (3) la recurrida deja de exponer una reclamación que justifique un remedio pues no se alega la participación de la querellante en los procedimientos internos de la empresa como requiere la Ley Núm. 115.

En su oposición, la recurrida argumenta que nuestro foro apelativo carece de jurisdicción, ya que la peticionaria recurre de una determinación interlocutoria del foro primario, la cual no puede ser revisada al amparo de la Ley Núm. 2.

Vale recordar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las

controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la denegación de un auto discrecional por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Por otro lado, cabe destacar que toda reclamación laboral contra un patrono se tramitará mediante el procedimiento sumario de la Ley Núm. 2, siempre y cuando se inste una querella por cualquier derecho, beneficio o suma por concepto de compensación por trabajo o labor realizados o cuando se haya despedido al obrero sin justa causa. Sec. 1 de la Ley Núm. 2 (32 LPRA sec. 3125). Por la revisión de resoluciones interlocutorias ser contraria al carácter sumario del procedimiento laboral, se requiere que la parte que pretenda impugnar tales determinaciones en un procedimiento bajo la Ley Núm. 2 espere a que se dicte sentencia final en el caso para entonces presentar un recurso a base del error alegado. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339

(2021) (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999)). Como excepciones, son revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Íd. (citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, *supra*).

A esos efectos, la Ley Núm. 16 y la OSHA disponen como declaración de propósito y política garantizar a cada empleado laborare en condiciones de trabajo seguras y saludables, más la Ley Núm. 16 enfatiza la necesidad de minimizar las desgracias familiares y personales y las pérdidas económicas resultantes de las lesiones y enfermedades del trabajo. Sec. 2 de la Ley Núm. 16 de 5 de agosto de 1975 (29 LPRA sec. 361a); 29 USC sec. 651(a). Asimismo, ambas leyes explican que ninguna persona despedirá o discriminará contra un empleado porque este (1) haya radicado cualquier querella; (2) haya instituido o causado que se instituya cualquier procedimiento bajo o relacionado con tales leyes; (3) haya testificado o vaya a testificar en cualquiera de dichos procedimientos; o (4) porque haya ejercitado en beneficio propio o de otros, cualquier derecho concedido por dichas leyes. Sec. 29 de la Ley Núm. 16 de 5 de agosto de 1975 (29 LPRA sec. 361aa); 29 USC sec. 660(c)(1). De creer que fue despedido o discriminado por las razones antes referidas, tal persona podrá radicar una querella ante el Secretario de Trabajo y Recursos Humanos o el Secretario de Trabajo federal, según disponga, alegando tal discriminación. Sec. 29 de la Ley Núm. 16, *supra*; 29 USC sec. 660(c)(2). Si se radicase dicha querella mediante la ley federal, la

persona tendrá treinta (30) días para presentar la querella. 29 USC sec. 660(c)(2). De creerlo meritorio, los respectivos Secretarios instarán acciones contra del patrono. Sec. 29 de la Ley Núm. 16, *supra*; 29 USC sec. 660(c)(2).

De manera aclaratoria, los casos federales de acciones privadas que la peticionaria cita son unas en las cuales el querellante expresamente radicó una querella al amparo de OSHA. Véase *Solis v. Blue Bird Corp.*, 404 Fed. Appx. 412 (11mo 2010); *Mulvaney et al. v. City of Rochester et al.*, 2004 WL 1660274 (W.D.N.Y. 2004); *Power City Elec.*, 1979 WL 23049 (E.D. Wash. 1979). Igualmente, uno de estos casos citados enfatiza que para tener una causa de acción bajo OSHA, una queja contra una entidad no-gubernamental es suficiente. *Reich v. Gentle Dental Care et al.*, 1996 WL 78361 (M.D. Fla. 1996) (citando a *Donovan v. Diplomat Envelope Corp. et al.*, 587 F. Supp. 1417 (E.D.N.Y. 1984)).[1] En otras palabras, los casos citados meramente demuestran (1) qué tipos de despidos caen bajo la protección de OSHA, de la persona afectada querer radicar una acción al amparo de esta; y (2) que la persona afectada no podrá presentar una querella en acción privada si lo hace al amparo de OSHA. Para otro ejemplo de este último criterio, véase *Rylander v. Kroger Company et al.*, 2024 WL 3833293 (5to Cir. 2024).

En el presente caso, la determinación interlocutoria de la cual la peticionaria recurre no es revisable por este Tribunal. Aunque la querella de la recurrida menciona las condiciones de trabajo en PIRCH, los daños por las cuales ella radica su queja no se basan en dichas

---

[1] El caso de *Donovan v. Diplomat Envelope Corp. et al.*, 587 F. Supp. 1417 (E.D.N.Y. 1984) fue revocado por fundamentos no aplicables a la presente causa de acción bajo revisión.

condiciones de seguridad y salud, sino en el alegado despido injustificado. Entre esto y la falta de causa de acción al amparo de OSHA y la Ley Núm. 16, es forzoso concluir que tales estatutos y sus criterios no aplican en el presente caso. Asimismo, el argumento de la peticionaria sobre la participación de la recurrida en los procedimientos internos de PIRCH no es asunto que puede dilucidarse mediante *certiorari* en un proceso sumario bajo la Ley Núm. 2. Por tanto, al no encontrarse que la determinación interlocutoria en controversia cae dentro de las excepciones jurisprudenciales para revisarlo dentro de un proceso laboral sumario, carecemos de jurisdicción para atender el caso en sus méritos.

Por los fundamentos expresados, denegamos expedir el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones