Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ALFONSO SERRANO ISERN<br>CARMEN M. CORTÉS MORALES<br><br>Demandantes-Recurridos<br><br>vs.<br><br>METRO CAGUAS INCORPORATED H/N/C HOSPITAL PAVÍA CAGUAS<br><br>Demandados-Peticionarios | KLCE202500167 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.<br><br>CG2024CV4529<br><br>Sala: 802<br><br>Sobre: DESPIDO INJUSTIFICADO (LEY NÚM. 80) Y OTROS |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de febrero de 2025.

El 11 de diciembre de 2024, el señor Alfonso Serrano Isern y la señora Carmen M. Cortés Morales ("parte recurrida") instó una *Querella* al amparo de la Ley de Procedimiento Sumario de Reclamaciones Laborales (Ley Núm. 2),[1] contra Metro Caguas Incorporated, HNC Hospital Pavía Caguas, Metro Pavía Health System ("parte peticionaria"). El 22 de enero de 2025, la parte recurrida mediante escrito acreditó haber emplazado personalmente a la parte peticionaria.

El 4 de febrero de 2025, la parte recurrida presentó una *Solicitud de anotación de rebeldía.* Aseveró que, el término para presentar la contestación a la *Querella* expiró, y la parte peticionaria no presentó su contestación. En consecuencia, solicitó la anotación de rebeldía a la parte peticionaria.

---

[1] Ley Núm. 2 del 12 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*

El **4 de febrero de 2025**, notificada al día siguiente, el foro de instancia notificó la *Orden* recurrida. Por medio de la orden, anotó la rebeldía a la parte peticionaria.

Resaltamos la presentación de una y otra parte de varios escritos. Estos todavía están pendientes de consideración ante el Tribunal de Primera Instancia.[2]

Inconforme, el 18 de febrero de 2025, la parte peticionaria compareció ante el Tribunal de Apelaciones mediante recurso de *Certiorari* en el cual solicita la revisión de la *Orden* del 4 de febrero de 2025. En su alegato muestra su disconformidad con el curso decisorio del foro recurrido, en específico la anotación de rebeldía.

Primero, este foro apelativo debe auscultar su propia jurisdicción para entender en este caso. Como sabemos, las cuestiones jurisdiccionales inciden directamente sobre la facultad adjudicativa de los tribunales.[3] Por ello, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar sin entrar en los méritos de la causa.[4]

La Ley Núm. 2 provee para la rápida tramitación y adjudicación sumaria de querellas laborales relacionadas a reclamaciones de salarios, beneficios o derechos laborales. El carácter sumario constituye la médula de la Ley Núm. 2.[5] A esos efectos, nuestro Tribunal Supremo estableció que, la revisión de resoluciones u órdenes interlocutorias desvirtúa el carácter sumario del procedimiento.[6] En este contexto, la parte que, desee

---

[2] Entre los escritos por adjudicar, encontramos: (i) una moción de desestimación por falta de jurisdicción, del peticionario; (ii) una moción para dejar sin efecto la anotación de rebeldía, del peticionario; (iii) una moción en oposición a la solicitud de desestimación, de la parte recurrida; (iv) una solicitud de la paralización de los procedimientos, del peticionario; y (v) un segundo donde la parte peticionaria reiteró su moción de desestimación y su solicitud de dejar sin efecto la anotación de rebeldía.

[3] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).
[4] 4 LPRA Ap. XXII-B, R. 83.
[5] *Bacardí Corp. v. Torres Aguayo,* 202 DPR 1014, 1019 (2019).
[6] *Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496 (1999).

cuestionar una resolución interlocutoria debe esperar hasta la sentencia final e instar contra ella el recurso pertinente.[7]

Sin embargo, la norma cede cuando la resolución es dictada sin jurisdicción o cuando los fines de la justicia hacen necesaria la intervención del foro apelativo.[8] En consecuencia, nos corresponde ejercer nuestra facultad revisora mediante *certiorari* solo sobre resoluciones u órdenes interlocutorias dictadas en un pleito laboral sumario cuando: *(i)* el foro primario actuó sin jurisdicción; *(ii)* la revisión dispone del caso completamente, o *(iii)* la revisión impide una grave injusticia.[9]

La presente causa fue instada en virtud de la Ley Núm. 2, y el tribunal *no* pretirió el procedimiento sumario a favor del ordinario. Tras una revisión minuciosa del expediente, no encontramos alguna circunstancia que permita atender la cuestión interlocutoria presentada por la parte peticionaria. Cabe resaltar que, aunque la parte peticionaria arguye en su recurso que el foro primario no tiene jurisdicción sobre su persona, ni sobre la materia de este caso, es de ver que dicho asunto se encuentra *sub judice* ante el foro primario. Por consiguiente, el planteamiento no puede servir de subterfugio para ignorar la norma antes colegida.

Por lo antes expuesto, se *desestima* el presente recurso por falta de jurisdicción.

Ahora bien, nuestra determinación no impide que, una vez dictada la sentencia final en este caso, la parte que así lo requiera acuda nuevamente ante este foro apelativo.

---

[7] *Íd.,* a la pág. 497. La Sección 9 de la Ley Núm. 2, 32 LPRA sec. 3127, dispone que "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.

[8] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021); *Dávila Rivera v. Antilles; Shipping, Inc.*, supra, págs. 497-498.

[9] *Díaz Santiago v. PUCPR et al.*, *supra*, pág. 349; *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 733 (2016); *Ortiz v. Holsum*, 190 DPR 511, 517 (2014); *Dávila Rivera v. Antilles Shipping, Inc.*, *supra*, pág. 498.

En consideración a lo resuelto, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[10] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] 4 LPRA Ap. XXII-B, R.7 (B)(5).