Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MILAGROS M. RODRÍGUEZ LUCIANO<br><br>Parte Recurrida<br><br><br>v.<br><br><br>ONE TO SEVEN INC<br><br>Parte Peticionaria | TA2025CE00234 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2023CV02635<br><br>Sobre:<br>LEY 80 1976, LEY 90-2020 y LEY 2-1961 |

Panel integrado por su presidente, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

La parte peticionaria, One to Seven, Inc. (One to Seven), solicita que revoquemos una *Resolución Interlocutoria* emitida el 22 de julio de 2025, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce, durante la tramitación del pleito de título, que fue instado al amparo del procedimiento sumario laboral establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2)[1]. Mediante el referido dictamen, el TPI declaró *no ha lugar* a la *Moción de Sentencia Sumaria por Insuficiencia de Prueba* presentada por One to Seven, por ésta incumplir con los requisitos de forma de la Regla 36 de Procedimiento Civil[2], y ordenó la continuación de los procedimientos del caso.

---

[1] 32 LPRA sec. 3118-3132.
[2] 32 LPRA Ap. V, R. 36.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[3], y por los fundamentos que expondremos a continuación, denegamos la expedición del recurso de *certiorari,* sin trámite ulterior.

## I.

El 30 de agosto de 2023, la Sra. Milagros Rodríguez Luciano (Sra. Rodríguez Luciano) instó ante el TPI una *Querella* sobre despido injustificado y acoso laboral en contra de One to Seven, al amparo de procedimiento sumario de reclamaciones laborales que establece la Ley Núm. 2, *supra.* De conformidad con las alegaciones, la Sra. Rodríguez Luciano comenzó a trabajar para dicho patrono allá para mayo de 2017, y adujo que, mientras laboró para la compañía querellada, estuvo sujeta a un patrón de insultos y malos tratos. Reseñó que el último incidente ocurrió el 8 de junio de 2023, cuando el presidente de la corporación, Rasheed Nafe Hamdan, sin razón alguna, le alzó la voz, la insultó y, de manera amenazante, golpeó el cristal de una puerta con la mano y le indicó que no le iba a permitir transitar a través de esa puerta. La Sra. Rodríguez Luciano alegó que se sintió atemorizada por la situación, que ello le produjo un estado de pánico, llanto, un fuerte dolor de cabeza, palpitaciones en el corazón y mareos. Mencionó que, tras el altercado, le avisó al presidente de la corporación que se retiraba a su casa a tomarse sus medicamentos para la hipertensión, y éste -nuevamente en un tono alto de voz- la amenazó con que anotaría abandono de trabajo en su expediente laboral.

En su *Querella,* la Sra. Rodríguez Luciano indicó que el suceso le provocó una crisis médica que requirió atención clínica. En específico, expresó que:

> [l]a anterior situación [le] provocó un fuerte temor hacia su superior que le impide trabajar para este y/o

---

[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

interactuar con este, siendo lo anterior provocado por el patrono y siendo razón suficiente para que se materialice un despido constructivo.[4]

En virtud de lo anterior, la Sra. Rodríguez Luciano expresamente solicitó la concesión de la mesada que provee Ley Núm. 80 de 30 de mayo de 1976, según enmendada, *Ley de Indemnización por Despido sin Justa Causa,* (Ley Núm. 80)[5], aunque no así la indemnización que provee la Ley Núm. 90 de 7 de agosto de 2020, *Ley para prohibir y prevenir el Acoso Laboral en Puerto Rico,* (Ley Núm. 90-2020)[6].

El 9 de septiembre de 2025, One to Seven presentó su *Contestación a Querella*[7], en la que negó la mayoría de las alegaciones. Como defensas afirmativas, planteó que la querella se presentó fuera del término prescriptivo aplicable a las causas de acción alegadas, porque ésta no aduce la fecha de los alegados hechos, omitiendo, de esta forma, las aseveraciones esenciales de tiempo que requiere la Regla 7.3 de Procedimiento Civil[8]. También alegó afirmativamente que la querella no presenta alegaciones suficientes para sustentar las causas de acción, conforme lo exige la Regla 6.1 de Procedimiento Civil[9].

En cuanto a la causa de acción por acoso laboral, One to Seven añadió que la querellante tampoco había agotado el mecanismo alterno de mediación dispuesto en la Ley Núm. 90-2020, por lo que el TPI carecía de jurisdicción para resolver dicha reclamación. Por último, sostuvo que no aplicaba la Ley Núm. 80 sobre despido injustificado, debido a que la querellante había renunciado voluntariamente a su empleo. En la alternativa, adujo que el despido estuvo justificado, pues la Sra. Rodríguez Luciano

---

[4] Alegación núm. 11 de la *Querella*. Véase, SUMAC-TA, Apéndice del recurso, entrada núm. 1.
[5] 29 LPRA sec. 185(a) *et seq.*
[6] 29 LPRA sec. 3111 *et seq.*
[7] *Íd.,* entrada núm. 4.
[8] 32 LPRA Ap. V, R. 7.3.
[9] 32 LPRA Ap. V, R. 6.1.

incurrió en actos de insubordinación y desacato a las normas reglas e instrucciones de sus supervisores al abandonar el empleo sin razón justificada.

Luego de varios trámites procesales -que incluyeron la denegatoria del TPI a una moción de desestimación de la querella fundamentada en que la reclamación no justificaba la concesión de un remedio[10]- el 21 de julio de 2025, One to Seven presentó una *Moción de Sentencia Sumaria por Insuficiencia de Prueba*. En ella, alegó que procedía desestimar las causas de acción instadas por la Sra. Rodríguez Luciano. En su moción, One to Seven mencionó los asuntos en controversia del caso[11], argumentó el derecho aplicable a la desestimación de las causas de acción y el remedio que debía ser concedido de manera sumaria. En cambio, no detalló una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales entendía que no existía controversia sustancial.

De otra parte, entre las razones por las cuales solicitó que se dictara sentencia sumaria, One to Seven repitió que la querella se presentó fuera del término prescriptivo para las causas de acción alegadas, por ésta no incluir la fecha de los presuntos hechos. Por otra parte, arguyó que, de las expresiones vertidas por la Sra. Rodríguez Luciano durante su deposición, surgía que ésta no contaba con prueba admisible para establecer un caso de despido

---

[10] *Íd.,* entradas núm. 6, 8 y 11.

[11] En específico, One to Seven apuntó los siguientes asuntos en controversia:
Si la querella cumple con los requisitos para establecer a favor del demandante una causa de acción de despido injustificado en la modalidad de despido constructivo.
Si la querella cumple con los requisitos para establecer a favor de la demandante una causa de acción por acoso laboral.
Si la querellante cuenta con prueba suficiente para establecer una causa de acción de despido injustificado en la modalidad de despido constructivo.
Si la querellante cuenta con prueba suficiente para establecer que el tribunal tiene jurisdicción para entender en una reclamación de acoso laboral.
Si la querellante cuenta con prueba suficiente para establecer una causa de acción por acoso laboral.

constructivo y/o acoso laboral. La solicitud de sentencia sumaria estuvo fundamentada, además, en la falta de jurisdicción del tribunal para adjudicar el reclamo de acoso laboral, por no haberse agotado el mecanismo alterno de mediación dispuesto en la Ley Núm. 90-2020. A la solicitud de sentencia sumaria, One to Seven adjuntó la transcripción de la deposición de la Sra. Rodríguez Luciano.[12]

Al día siguiente, la Sra. Rodríguez Luciano presentó su *Oposición a Moción de sentencia sumaria.*[13] Arguyó que la moción de sentencia sumaria de One to Seven incumplía crasamente con los requisitos de forma exigidos por la Regla 36 de Procedimiento Civil, *supra,* ya que no detallaba una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales entendía que no existía controversia sustancial, con alusión a la prueba documental pertinente; a los fines de establecer que, en efecto, las expresiones de la querellante en su deposición fallaban en generar prueba admisible para sustentar sus reclamaciones por despido injustificado y acoso laboral. Calificó la solicitud de sentencia sumaria como un resumen de jurisprudencia desconectada de los hechos particulares del caso, que no demostraba la supuesta falta de prueba para sostener su causa de acción.

El 23 de julio de 2025, el TPI notificó la *Resolución Interlocutoria* objeto del presente recurso. En ella, declaró *no ha lugar* a la moción de sentencia sumaria por ésta haber incumplido con los requisitos de la Regla 36 de Procedimiento Civil, *supra.*

Inconforme, el 1 de agosto de 2025, One to Seven incoó el presente recurso de certiorari. Señala que el TPI incurrió en el siguiente señalamiento de error:

---

[12] *Íd.,* entrada núm. 40.
[13] *Íd.,* entrada núm. 42.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL ACTUAR DE FORMA ULTRA VIRES NEGÁNDOSE A ADJUDICAR CONFORME SU DEBER MINISTERIAL UNA MOCIÓN DISPOSITIVA POR INSUFICIENCIA DE PRUEBA PERMITIENDO LA CONTINUACIÓN DE UN PROCESO JUDICIAL SIN JURISDICCIÓN PARA ACTUAR CAUSANDO UNA GRAVE INJUSTICIA EN VIOLACIÓN DEL DEBIDO PROCESO DE LEY.

En síntesis, alega que el TPI incidió al denegar su moción de sentencia sumaria por insuficiencia de prueba basado en que la solicitud incumplió con el requisito de exponer una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales entendía que no existía controversia sustancial. One to Seven afirma que una moción de sentencia sumaria por insuficiencia de las alegaciones no requiere que se haga una relación de hechos incontrovertidos, por lo cual, el TPI debió entender en los méritos su solicitud.

Al especto, arguye que procedía desestimar las causas de acción sobre despido injustificado y acoso laboral porque la querella fue presentada fuera del término prescriptivo aplicable a las causas de acción alegadas, dado que ésta no aduce la fecha de los alegados hechos y tampoco presenta las alegaciones suficientes para sustentar las causas de acción. Igualmente, expone que, de las expresiones vertidas por la Sra. Rodríguez Luciano durante su deposición, surgía que ésta no cuenta con prueba admisible para establecer un caso de despido constructivo y acoso laboral. Además, aduce falta de jurisdicción del TPI para adjudicar el reclamo de acoso laboral, por no haberse agotado el mecanismo alterno de mediación dispuesto en la Ley Núm. 90-2020.

En su escrito, One to Seven reconoce que la acción judicial fue presentada al amparo del procedimiento sumario de reclamaciones laborales dispuesto en la Ley Núm. 2, per arguye que los incidentes procesales del caso "virtualmente convirtieron el

proceso en la práctica en uno ordinario".[14] De hecho, nuestra búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) ratifica que el presente caso se está ventilando al amparo de la Ley Núm. 2 y no existe orden o resolución alguna que disponga la conversión del trámite del caso de sumario a ordinario.

Entonces, corresponde determinar si en el presente caso podemos ejercer nuestra función revisora sobre el dictamen interlocutorio impugnado.

## II.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[15]

Atinente a nuestra función revisora en los casos tramitados al amparo de la Ley Núm. 2 de 17 de octubre de 1961, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, (Ley Núm. 2)[16], en *Dávila Rivera v. Antilles Shipping, Inc.*[17] el Tribunal Supremo concluyó que, de ordinario, la revisión de resoluciones interlocutorias en estos casos era contraria al carácter sumario del procedimiento laboral y que, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada.[18] Por consiguiente, como norma general, la parte que pretenda impugnar resoluciones interlocutorias en un procedimiento incoado al amparo de la Ley Núm. 2 deberá esperar hasta que se dicte sentencia final para entonces instar contra ella el recurso pertinente.

---

[14] Véase, *Certiorari,* a la pág. 5. SUMAC-TA, entrada 1.
[15] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[16] 32 LPRA secs. 3118-3132.
[17] 147 DPR 483 (1999).
[18] *Íd.,* págs. 496-497.

Sin embargo, el Tribunal Supremo señaló que la norma impuesta no es absoluta. A modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción, (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia.[19] En tales instancias, el carácter sumario de los procedimientos tramitados a tenor con la Ley Núm. 2, *supra*, ceden y los foros apelativos pueden revisar la resolución interlocutoria.[20]

Además, el Tribunal Supremo indicó que el término para solicitar la revisión de aquellas determinaciones interlocutorias que cumplen con los criterios taxativos establecidos en *Dávila, Rivera v. Antilles Shipping, Inc.*, es de 10 días para las revisiones presentadas ante este Tribunal, y de 20 días para aquellas presentadas ante el Tribunal Supremo.[21]

De ahí que, aunque estemos ante la revisión de una denegatoria de moción de sentencia sumaria, prevalece la legislación especial laboral que obliga a que mantengamos el carácter expedito de tales procesos, salvo que identifiquemos alguna de las excepciones enumeradas. Es decir, no estamos obligados a considerar *de novo* toda denegatoria de sentencia sumaria que se presente dentro del proceso de Ley Núm. 2, sino solamente aquellas que cumplan con una de las situaciones excepcionales mencionadas.

---

[19] *Íd.*, pág. 498*; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 722-723 (2016).
[20] *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 349 (2021).
[21] *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 736.

**III.**

En su recurso, One to Seven solicita que revisemos la denegatoria de su solicitud de sentencia sumaria. No obstante, examinado el recurso a la luz de la jurisprudencia citada, no surge razón alguna para intervenir interlocutoriamente en este asunto. Tampoco se configuran los supuestos excepcionales contemplados en *Dávila, Rivera v. Antilles Shipping, Inc.* Resolver algo distinto contraviene la naturaleza sumaria del pleito.

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones